## VALIDITY OF ISSUE OF BONDS NOT OFFERED TO BOARD OF EDUCATION.

Common Pleas Court of Huron County.

CLEVELAND, S. & C. RAILWAY, A TAX-PAYER, V. CITY OF NORWALK ET AL.*

Decided, February 18, 1915.

*Municipal Corporations—Failure to Offer Municipal Electric Light Bonds for School Board in the Absence of a Board of Commissioners of the Sinking Fund—Does Not Render Such Bonds Invalid, When —Resolution Declaring an Issue of Electric Light Bonds Necessary, and Fixing Date for Submitting the Question to the Electors Need Not be Published—Sections 3943, 3949 and 7614.*

1. Bonds issued in conformity to Section 3949, General Code, for the erection of a municipal light plant, are not, in the event of failure of the common pleas court to appoint a "board of commissioners of the sinking fund" of such district as provided by Section 7614, required to be offered to the board of education, but it is sufficient if such bonds are offered to the municipal sinking fund trustees, who are charged in such event with the dual management of both city and school sinking funds; and in the absence from a petition to enjoin the execution and delivery of such bonds of an allegation that they were not offered to the municipal sinking fund trustees in their dual capacity, it will be presumed that the officials properly discharged their duty, and a demurrer thereto will be sustained.
2. A resolution declaring it necessary to issue and sell bonds for the erection of a municipal electric light plant and stating the amount of the proposed issue and date for submission of the question to the electors of the corporation for their approval, is not within the meaning of Section 3943 as amended, requiring the publication of ordinances of a general nature or those providing for public improvements.

*L. W. Wickham* and *Tolles, Hogsett, Ginn & Morley*, for plaintiff.

*R. D. Wickham* and *G. Ray Craig*, contra.

*Affirmed, *Cleveland, S. & C. Ry. v. Norwalk*, 22 C.C.(N.S.), 590.

YOUNG, J.

Demurrer to petition for injunction.

This case comes before me upon a demurrer to the petition, there having been issued, upon the filing of the petition, a temporary restraining order.

The case was originally set down for hearing on whether a temporary injunction should be issued, but by consent was heard upon demurrer.

The plaintiff in its petition relies substantially upon two claims, the first of them being that a preliminary resolution passed by counsel of the city of Norwalk upon the institution of proceedings that resulted in the issuing of these bonds which is sought to be enjoined was not published.

The second ground is that introduced by the amendment to the petition, that prior to the offering of the sale of said bonds to competitive bidding no tender was made of them, or any part thereof, to the commissioners of the sinking fund of the school board of the city of Norwalk, or the Norwalk school board.

Taking up this last proposition first, there is no allegation in the petition or in the amended petition that such a body known as the sinking fund commissioners of the school board was ever appointed. The allegation is, that no tender or offer was made to such a board, and such board did not, in fact, agree to take all the bonds or any part of them.

It is urged in argument, that, notwithstanding the fact that there was a want of such board, yet the statute, Section 7614, General Code, provides that upon failure to create such a board or appoint such a board, the law designates the board that shall act in place of such board, and it is claimed in argument that the language of the statute wherein the word "may" is used, should be construed as meaning "must" or "shall," and that the provision is mandatory. It is also claimed that upon the failure of appointment or creation of such board, that the board of education of the city district shall act as such commissioners.

Now, I can not yield to that construction. The language of the section providing for this board, after designating how the

board of commissioners shall be selected and appointed, continues:

"Except that, in city or village districts, the board of commissioners of the sinking fund of the city or village may be the board of the school district."

My contention is that the designation here is, that the sinking fund commissioners of a village or city shall constitute such commissioners. True, the statute providing for the board of sinking fund commissioners of a city or village does not designate them as commissioners, but as trustees; their functions are the same, and as I interpret this statute, it means those trustees.

I am also so satisfied from a further reading of the language in this section of the statute: "Such commissioners shall serve without compensation and give such bond as the board of education requires and approves."

Now, it seems to me that the Legislature did not intend that the board of education should be such board of commissioners of the sinking fund and fix their own bond; that it meant that whoever should serve in that capacity their bond should be accepted in the amount fixed by the board of education. It would be an anomaly that an officer or the board itself should designate the amount of security it should give and approve its own security. I do not recall an instance where such a provision is made.

In the case of the board of commissioners of the county, or officers of the county or officers of the city, where bonds are required, the statute points out some specific body apart from them who shall fix and determine the bond and approve it. So that whether we construe this provision as being mandatory or permissive, so far as this case here is concerned, would make no difference; for plainly, if the court is right in the construction of this statute, and the language is mandatory, and the trustees of the sinking fund of the city shall be the trustees of the sinking fund of the board of education, there is no allegation made that they were not offered these bonds and that they declined to take them; there can be no presumption but that

the law has been complied with, even though it was mandatory.; so that, so far as the question presented by the amended petition is concerned, the court is constrained to hold that for this reason, there was no violation of the law in the offering of these bonds for sale.

Coming now to the real question, as I consider it, involved in this case, whether or not the law requires the publishing of this resolution, if it does so require it, it must be under Section 4227, General Code, because neither provision of the law and in no other general provision of the code do I find any command with reference to the publication of any ordinance or resolution. True, many sections of the statutes that have been read before me seem to recognize, or do recognize apparently that as to some resolutions at least there must be a publication thereof. There are many sections of the statutes, without referring to them, which do in terms provide that the resolutions mentioned in said sections shall be published; so that there are provisions of the law with reference to certain resolutions of which the law requires a publication. It is conceded that the statute providing for the resolution that we are now interested in and investigating does not contain any positive language or declaration that that resolution shall be published, and if it must be published, we must look elsewhere than to the section providing for the resolution itself.

Section 4227, General Code, provides that:

"Ordinances, resolutions and by-laws shall be authenticated by the signature of the presiding officer and clerk of the council. Ordinances of a general nature, or providing for improvements shall be published as hereinafter provided before going into operation."

It will be noted that the language of this section reads, "Ordinances of a general nature, or providing for improvements shall be published," etc., and the language is confined to ordinances.

Section 4224, General Code, provides, "The action of council shall be by ordinance or resolution, and on the passage of each ordinance or resolution the vote shall be taken by 'yeas' and

'nays' and entered upon the journal," etc., and then the further language, "No by-law, ordinance or resolution of a general or permanent nature, or granting a franchise, or creating a right, or involving the expenditure of money, or the levying of a tax," etc., shall be passed, etc., unless by a certain provision the rule is suspended.

Now it will be noted, the language is, "Ordinance or resolution of a general or permanent nature." That means that there are two kinds—it may be an ordinance or a resolution of a general nature, or it may be one of a permanent nature, or they may be both general and permanent; but the requirement as to publication is only of an ordinance of a general nature; there is no requirement as to its publication under this section of a permanent ordinance not of a general nature.

Now, with this distinction between matters of a general nature and of a permanent nature, is fully recognized in the case of *Elyria Gas & Water Co.* v. *Elyria,* 57 Ohio St., 374, to which my attention has been called, the Supreme Court of the state, after discussing the nature of the resolution involved in that case which was one similar to this, say that it is not only of a general nature, but it is also one of a permanent nature; so that they recognized that in that particular case, it was both of a permanent and of a general nature, but that there are ordinances and resolutions that, while they may partake of both natures, yet they may be separate—they may be general in their operation and not permanent, or permanent in their operation and not general. The language here is, it is that only when of general nature publication even of ordinances is required.

It has been urged that resolutions at least of this nature, and resolutions generally, are in fact, ordinances. In a broad sense, it is probably true that they might be designated as ordinances—the term "ordinance" is the broader term, undoubtedly. There is no abstract reason why an ordinance need be published at all. An ordinance is like a statute enacted by the Legislature of the state; there is no rule of law that requires a statute enacted by the Legislature of the state to be published. It is

supposed that the people of the state will take notice of the en-
actments of the Legislature, and there is no reason in logic why
an ordinance of a village or city, which is, in fact, a statute en-
acted by a governing body in a community, should be published
at all, except that the law requires it to be done. We might well
suppose that a community interested in the acts of its council,
were as much bound to take notice of the legislative acts of its
body, as the citizens of the state are bound to take notice of the
acts of the General Assembly, and were it not for the specific
direction of the statute, I do not know of any matter of public
policy, or of individual requirement, that compels the acts of
legislative bodies to be published at all for the benefit of persons
who are subject to the dominion of such body, and when the
Legislature enacts a provision governing municipalities, it is
supposed to do so in the purview of common knowledge that a
community governed by a council might well be supposed to take
general notice of the acts of that council, and it is only where
there is an express provision requiring publication of a notice,
that publication is required.

Now, in Section 4227, General Code, it is solely "an ordi-
nance," that requires publication as I have said before. It is
argued that a resolution is an ordinance. That may be true, and
yet the Legislature of the state has seen fit to enact that ordi-
nances shall be set forth in certain formulated words and has de-
creed the form and provided in what form ordinances of cities
and villages shall be; and while it may be said that this is merely
directory, yet it indicates that the Legislature designates an
ordinance as a different thing from a resolution.

The General Assembly is a legislative body and frequently
enacts resolutions that have the force and effect of rules; the
Legislature enacts joint resolutions of both bodies, and resolu-
tions of each body and yet they are not statutes and are not
enacted as such, but they are resolutions of such body and recog-
nized as such and fulfill the purpose of resolutions. It seems
to me that we should receive the accepted significance used
in common parlance, when considering the acts of bodies like
this.

I might say, in passing, that county commissioners have the power to enact rules and regulations the violation of which may be visited by penalties, as for instance, such as relate to improved roads—they may provide that wagons carrying certain burdens shall be used with tires of certain widths, and if this rule is violated, penalties can be enforced for the violation of these rules and regulations; and yet persons who are interested, must take notice of those rules. There is no provision for their publication.

A resolution ordinarily is a declaration of a council, or a legislative body evincing some purpose or intent to do some act not the doing of the act itself. Ordinarily it is the intention to enter upon some enterprise of public moment, something authorized by law that it may do. An ordinance ordinarily provides a rule of conduct and is a law binding upon a community. They are declarations of a rule of conduct for the enforcement of a right or the creation of a duty. They are not similar and not accepted as such, so that I do not believe, when the Legislature used the word "ordinance" that ordinances of a general nature should be published, it embraced within the purview of such section a resolution of a general and permanent character; and these various sections that I have been referred to, especially Section 3502, General Code, where it is said that a certain resolution for taking a census for classification of a municipality as a city or village, shall be published as other resolutions of a general character, do not impose the duty or obligation of publishing all resolutions; it may be that particular resolution which is to be published as other resolutions that are required to be published. It is recognized, in other words, by the Legislature, that there are some resolutions that the law required to be published, but it is not the rule that all resolutions of every nature shall be published, but that some must be published, I think that is all that can be claimed for it.

It was argued before me that the case of *Johnson* v. *Elyria*, 6 N. P., 372, decided by the Common Pleas Court of Lorain County, determines the question involved here in favor of the

plaintiff and should such decision be followed, would be decisive in its favor. I am not disposed to follow the case, nor do I believe that the contention of counsel is correct. Certainly, the statute, as quoted by the court in its decision upon page 370, wherein it says, "Section 1695, Revised Statutes, provides 'All by-laws, resolutions and ordinances of a general nature must be published, and that no ordinance shall take effect until the expiration of ten days after the first publication,'" if such section of the statute contains such language, the decision of the court might well have been sustained. No such language is contained in the present statute under review and I submit that it was not contained in the statute in force at that time, but that it was an interpolation therein by the court.

Entertaining these views, I must find that there was no requirement under the law that this resolution should be published and that the issue of these bonds was not illegal, and for the reasons assigned, the demurrer will be sustained.